Amended

Petition For A Writ Of Habeas Corpus    FILED

2022 APR 26 PM 3: 35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## UNITED STATES DISTRICT COURT
for the

Robert Lewis Morgan )
_Petitioner_ )
)
v. )        Case No.   22-CV-00185-TPB-PRL
)                        5: 22-CV-210-JLB-PRC
)                        _(Supplied by Clerk of Court)_
Warden Kathy Lane F.C.C. Coleman-Low )
_Respondent_
_(name of warden or authorized person having custody of petitioner)_

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1.  (a) Your full name:   Robert Lewis Morgan
    (b) Other names you have used:
2.  Place of confinement:
    (a) Name of institution:   F.C.C. Coleman-Low,
    (b) Address:   P.O. Box 1031 Coleman, Florida 33521

    (c) Your identification number:   13829-104
3.  Are you currently being held on orders by:
    ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you:   Southern District Court of Florida

        (b) Docket number of criminal case:   16-CF-20652-RAR
        (c) Date of sentencing:   Jan. 20, 2017
    ☐ Being held on an immigration charge
    ☐ Other _(explain)_:


### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13829104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: Southern District Court of Florida Miami - Division

(b) Docket number, case number, or opinion number: 16-cr-20652-RAR

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

I am challenging my detention under the custody and care of Warden Lane.

(d) Date of the decision or action: Jan. 20, 2017

### Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Eleventh Circuit Court of Appeals

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: 17-10582

(4) Result: Affirmed

(5) Date of result: Oct. 24, 2017

(6) Issues raised: ~~the unreasonable~~ law enforcements delay in searching my cell phone was unreasonable.

_____

_____

_____

(b) If you answered "No," explain why you did not appeal: _____

_____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes ☑ No

Page 3 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13829104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes        ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes        ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
☐ Yes                ☐ No

Page 4 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13829104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes                      ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____
_____
_____

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes          ☑ No
If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes          ☐ No

Page 5 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13829104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13829104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Grounds for Your Challenge in This Petition**

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** I am being held in custody in violation of the Constitution and laws of the United States.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: * See Attachment *

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☒ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13829104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not:   Ground One has not been presented in any prior appeal because
the facts supporting this claim were just recently discovered by me.

**Request for Relief**

15.  State exactly what you want the court to do:   (1) issue the writ requested; (2) conduct an
inquiry into the fact of my detention; (3) order my immediate release from
the custody and care of Warden Lane and the Federal Bureau of Prisons.

Page 8 of 9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13829104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: 4/19/22

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 4/19/22

Robert Lewis Morgan
_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

13829104

\* ATTACHMENT \*

United States District Court
Middle District Of Florida
Ocala Division

Robert Lewis Morgan
        v.
Warden Kathy Lane and
The Federal Bureau of Prisons          Case No. 22-cv-00185-TPB-PRL

Memorandum Brief In Support Of Petition For A Writ Of
Habeas Corpus
( 28 U.S.C. §2241(c)(3) )

COMES NOW, Robert Lewis Morgan, the petitioner, pro se, and respectfully
files this memorandum brief in support of this petition for a writ
of habeas corpus, pursuant to 28 U.S.C. §2241(c)(3). Petitioner is
presently being detained in violation of the Constitution at the
Federal Correctional Complex Coleman-Low. In support thereof,
Petitioner states as follows:

Statement of Facts

1. In or around August of 2016, my defense counsel, Paul D.
Petruzzi, received a copy of the indictment in this case charging
me with several offenses that are predicated on my "knowing"
purchase and importation of "a Schedule I controlled substance"
into the United States named Alpha-pyrrolidinopentiophenone,
or "APVP" as it is commonly known.

2. After receiving the indictment, Counsel Petruzzi did not
conduct any independant investigations into determing whether

1

(1) Alphapyrrolidinopentiophenone was, in fact, listed as a substance "controlled" under Schedule I; (2) petitioner knew that he had, in fact, purchased and imported "a Schedule I controlled substance"; or (3) law enforcement possessed a search warrant that authorized the search of petitioner's e-mail account.

3. As evidenced in Petitioner's affidavit, had Counsel Petruzzi investigated, he would have discovered: (1) that Alpha-pyrrolid-inopentiophenone is, in fact, not listed as a substance "controlled" under Schedule I; (2) that petitioner was unaware of the fact that he had purchased and imported "a Schedule I controlled substance" into the United States; and (3) that law enforcement did not possess a warrant authorizing the search of petitioner's email account.

4. By failing to conduct any investigations into the facts and laws surrounding this case, deprived Counsel Petruzzi the opportunity to become aware of the above mentioned facts which led to his deficient performance during the suppression proceedings, and to his giving me uninformed advice about pleading guilty.

5. Had Counsel Petruzzi investigated and made himself aware of the above mentioned facts, and raised these issues in a motion to dismiss the indictment or in the motion to suppress the evidence, there would have been a reasonable probability that: (1) the indictment in this case would have been dismissed; or (2) the motion to suppress the evidence would have been granted.

2

ISSUE I

MY DETENTION IS UNCONSTITUTIONAL BECAUSE IT IS BASED
ON VIOLATIONS OF MY SIXTH AMENDMENT RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL DURING PRE-TRIAL PROCEEDINGS

Claims of ineffective assistance of counsel are governed by
the Supreme Court's decision in Strickland v. Washington, 466
U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064-65, 2068, 80 L.Ed. 2d
674 (1984). To succeed on any claim of ineffective assistance
of counsel, when it comes to a guilty plea, a defendant must
show that: (1) the attorneys representation fell below and objective
standard of reasonableness, and (2) but for counsel's errors, he
would not have pleaded guilty and would have insisted on
proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366,
88 L.Ed. 2d 203 (1985). (Citing Strickland, supra).

(a). Performance

In this case defense Counsel Paul D. Petruzzi commited several
unprofessional erros and omissions that amounted to performance
below an objective standard of reasonableness for counsel in a
criminal case. Petitioner asserts that counsel committed the
following erros and omissions:

Counsel Petruzzi rendered constitutionally ineffective
assistance of counsel by advising and assisting me
into pleading guilty to "knowingly" committing the
offenses of which I was charged without first
conducting any independant investigations into
the facts and laws concerning this case

3

Petitioner asserts that defense counsel Petruzzi provided constitutionally ineffective assistance of counsel for: (1) failing to conduct any independant investigations into determing whether Alpha-pyrrolidinopentiophenone was, in fact, listed under Schedule I; (2) failing to inquire into determining whether petitioner was aware of the fact that he was dealing with "a controlled substance"; and (3) failing to conduct any independant investigations into whether law enforcement was in possession of a warrant authorizing the search of petitioner's e-mail account at the time they conducted the search. Petitioner attaches hereto his affidavit detailing the facts related to this claim. See Exhibit "A" Petitioner's affidavit. Petitioner contends that such unprofessional errors and omissions by counsel constitutes ineffective assistance of counsel. See Andrus v. Texas, 140 S. Ct. 1875 (2020).

The Supreme Court in Andrus reaffirmed the well-settled rule that an attorney has an obligation to conduct a thorough investigation into the facts and laws encompased in his clients case; and an attorney who fails ▓▓ to conduct such an investigation, acts in a professional unreasonable manner per se. See also Porter v. McCollum, 130 S. Ct. 447, 175 L. Ed. 2d 398 (2009)(holding "It is unquestioned that under professional norms, counsel has an 'obligation to conduct a thorough investigation'" into the facts and laws of his clients case.). Counsel Petruzzi was aware of the fact that all of the inculpatory evidence in this case was obtained from petitioner's e-mail account. Counsel Petruzzi was aware of the fact that Alpha-pyrrolidinopentiophenone was being charged as "a Schedule I controlled substance." Aware of these facts, Counsel Petruzzi did not investigate into whether law enforcement possessed a warrant authorizing the search of petitioner's e-mail account. Counsel Petruzzi did not investigate into whether Alpha-pyrrolidinopentiophenone was, in fact, listed

case estabishes that Counsel Petruzzi denied petioner his Sixth Amendment right to a fair and impartial trial by erroneously advising and assisting petitioner into falsely pleading guilty to "knowingly" committing offenses of which, counsel conducted no investigation into determining whether or not petitioner, in fact, "knowingly" committed. Petitioner asserts that had Counsel Petruzzi not erroneously advised and assisted me into falsely pleading guilty to "knowingly" committing these offenses, and instead informed me of the fact that the substance I purchased and imported into the United States is, in fact, not listed as being "controlled" under Schedule I, I would not have pleaded guilty nor entered into the factual proffer and instead, I would have insisted on proceeding to trial to put the Government to its burden of proving that I, in fact, purchased a substance that was listed as being "controlled" under Schedule I. Petitioner attaches hereto his affidavit factually supporting this claim. See Exhibit "A" Petitioner's affidavit. This Court must immediately order petitioner's release from the custody and care of Warden Lane and The Federal Bureau of Prisons or conduct an evidentiary hearing to resolve the factual disputes. See McCollum, 130 S. Ct..

## CONCLUSION

WHEREFORE based on the above, Robert Lewis Morgan, the petitioner, moves this Honorable Court to order his immediate release from the custody and care of Warden Lane and the Federal Bureau of Prisons.

Respectfully submitted on this 19 day of April, 2022.

By: Robert Lewis Morgan

5

EXHIBIT "A"

United States District Court
Middle District Of Florida
Ocala Division

Robert Lewis Morgan

v.

Warden Kathy Lane and
The Federal Bureau of Prisons          Case No. 22-cv-00085-TPB-PRL

Affidavit Of Truth In Support Of Petition For A Writ Of
Habeas Corpus
(28 U.S.C. §2241(c)(3))

Affidavit of Robert Lewis Morgan

I, Robert Lewis Morgan, HEREBY deposes and states:

1. I am Robert Lewis Morgan and I am over 18 years of age.
I am fully competent to make this affidavit and I have
personal knowledge of the facts stated in this affidavit.

2. In or around April of 2016, I used counterfeit Florida Drivers
Licenses to wire money to a Chinese chemical company to purchase
and pay for the importation of Alpha-pyrrolidinopentiophenone into
the United States.

3. On May 24, 2016, based on the above acts, I was detained by
law enforcement and my cellular phone was seized. In July of
2016, law enforcement obtained a warrant authorizing the search
of my cell phone. Nothing of evidentiary value was discovered
on my cell phone.

1

4. At this same time, law enforcement searched my e-mail account which is not located on my cell phone. This search uncovered all of the inculpatory evidence in this case.

5. Based upon the discovery of this information, I was indicted for several offenses that are predicated on the purchase and importation of "a Schedule I controlled substance" into the United States.

6. Soon thereafter, Counsel Paul D. Petruzzi received the Discovery packet which contained all of the documents involved in this case, including the Indictment.

7. On November 21, 2016, under Counsel Petruzzi's advice and assistance, I pleaded guilty to offenses that are predicated on the purchase and importation of "a Schedule I controlled substance" into the United States.

8. In January of 2017, based on my plea of guilty, I was remanded to the custody and care of the Federal Bureau of Prisons for a term of 175 months.

9. In January of 2022, while diligently researching the facts and laws concerning this case, I discovered: (1) that the substance for which I am being detained, Alpha-pyrrolidinopentiophenone, is, in fact, not listed as being "controlled" under Schedule I (a), (b), or (c). See Exhibit "B"; (2) that law enforcement did not possess a warrant authorizing the search of my e-mail account; and (3) the search of my e-mail account exceeded the bounds of the warrant issued authorizing the search of my cell phone. See Exhibit "C".

2

10. My discovery of these facts establishes that Counsel Petruzzi could not have conducted any independant investigations into the facts and laws involved in this case. Additionally, Counsel Petruzzi did not ask me was I aware of the fact that Alpha-pyrrolidinopentiophenone was considered an unlawful substance to possess.

11. For had he asked me this question, and invesigated into the facts and laws involved in this case, he would have discovered: (1) that his client ("Petitioner") was unaware of the fact that he was dealing with "a controlled substance"; and (2) that law enforcement was not in possession of a warrant authorizing the search of petitioner's e-mail account at the time they executed their search.

12. Based on my discovery of these material facts, had Counsel Petruzzi made himself aware of these facts, and informed me of these facts prior to advising and assisting me into falsely pleading guilty to "knowingly" committing the offenses of which I was charged, I would not have pleaded guilty nor entered into the factual proffer and instead, I would have insisted on proceeding to trial to put the Government to its burden of proving beyond a reasonable doubt that I, in fact, "knowingly" purchased and imported a "listed" Schedule I controlled substance.

I declare under penalty of perjury that all of the foregoing is true and correct. Executed under penalty of perjury on this 19th day of April, 2022.

By: Robert Lewis Morgan

3

EXHIBIT "B"

21 U.S.C. § 812

SCHEDULE I

(a) Unless specifically excepted or unless listed in another schedule, any of the following opiates, including their isomers, esters, ethers, salts, and salts of isomers, esters, and ethers, whenever the existence of such isomers, esters, ethers, and salts is possible within the specific chemical designation:

(1) Acetylmethadol.

(2) Allylprodine.

(3) Alphacetylmathadol [Alphacetylmethadol].

(4) Alphameprodine.

(5) Alphamethadol.

(6) Benzethidine.

(7) Betacetylmethadol.

(8) Betameprodine.

(9) Betamethadol.

(10) Betaprodine.

(11) Clonitazene.

(12) Dextromoramide.

(13) Dextrorphan.

(14) Diampromide.

(15) Diethylthiambutene.

(16) Dimenoxadol.

(17) Dimepheptanol.

(18) Dimethylthiambutene.

(19) Dioxaphetyl butyrate.

USCS                                    1

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(20)** Dipipanone.

**(21)** Ethylmethylthiambutene.

**(22)** Etonitazene.

**(23)** Etoxeridine.

**(24)** Furethidine.

**(25)** Hydroxypethidine.

**(26)** Ketobemidone.

**(27)** Levomoramide.

**(28)** Levophenacylmorphan.

**(29)** Morpheridine.

**(30)** Noracymethadol.

**(31)** Norlevorphanol.

**(32)** Normethadone.

**(33)** Norpipanone.

**(34)** Phenadoxone.

**(35)** Phenampromide.

**(36)** Phenomorphan.

**(37)** Phenoperidine.

**(38)** Piritramide.

**(39)** Proheptazine.

**(40)** Properidine.

**(41)** Racemoramide.

**(42)** Trimeperidine.

USCS                                      2

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(b) Unless specifically excepted or unless listed in another schedule, any of the following opium derivatives, their salts, isomers, and salts of isomers whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation:

(1) Acetorphine.

(2) Acetyldihydrocodeine.

(3) Benzylmorphine.

(4) Codeine methylbromide.

(5) Codeine-N-Oxide.

(6) Cyprenorphine.

(7) Desomorphine.

(8) Dihydromorphine.

(9) Etorphine.

(10) Heroin.

(11) Hydromorphinol.

(12) Methyldesorphine.

(13) Methylhydromorphine.

(14) Morphine methylbromide.

(15) Morphine methylsulfonate.

(16) Morphine-N-Oxide.

(17) Myrophine.

(18) Nicocodeine.

(19) Nicomorphine.

(20) Normorphine.

(21) Pholcodine.

USCS                                                    3

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(22)** Thebacon.

**(c)** Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation, which contains any quantity of the following hallucinogenic substances, or which contains any of their salts, isomers, and salts of isomers whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation:

**(1)** 3, 4-methylenedioxy amphetamine.

**(2)** 5-methoxy-3, 4-methylenedioxy amphetamine

**(3)** 3, 4, 5-trimethoxy amphetamine.

**(4)** Bufotenine.

**(5)** Diethyltryptamine.

**(6)** Dimethyltryptamine.

**(7)** 4-methyl-2, 5-dimethoxyamphetamine.

**(8)** Ibogaine.

**(9)** Lysergic acid diethylamide.

**(10)** Marihuana.

**(11)** Mescaline.

**(12)** Peyote.

**(13)** N-ethyl-3-piperidyl benzilate.

**(14)** N-methyl-3-piperidyl benzilate.

**(15)** Psilocybin.

**(16)** Psilocyn.

**(17)** Tetrahydrocannabinols, except for tetrahydrocannabinols in hemp (as defined under section 297A of the Agricultural Marketing Act of 1946 [7 USCS § 1639o]).

**(18)** 4-methylmethcathinone (Mephedrone).

**(19)** 3,4-methylenedioxypyrovalerone (MDPV).

USCS                                                    4

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**(20)** 2-(2,5-Dimethoxy-4-ethylphenyl)ethanamine (2C-E).

**(21)** 2-(2,5-Dimethoxy-4-methylphenyl)ethanamine (2C-D).

**(22)** 2-(4-Chloro-2,5-dimethoxyphenyl)ethanamine (2C-C).

**(23)** 2-(4-Iodo-2,5-dimethoxyphenyl)ethanamine (2C-I).

**(24)** 2-[4-(Ethylthio)-2,5-dimethoxyphenyl]ethanamine (2C-T-2).

**(25)** 2-[4-(Isopropylthio)-2,5-dimethoxyphenyl]ethanamine (2C-T-4).

**(26)** 2-(2,5-Dimethoxyphenyl)ethanamine (2C-H).

**(27)** 2-(2,5-Dimethoxy-4-nitro-phenyl)ethanamine (2C-N).

**(28)** 2-(2,5-Dimethoxy-4-(n)-propylphenyl)ethanamine (2C-P).

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit "C"   1 of 3

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

A cellular telephone, iPad, and computer, located in
HSI custody at a secure law enforcement facility.

)
)
)  Case No. 16 – 2814- CMM
)
)
)

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____. Florida_____ *(identify the person or describe the property to be searched and give its location)*:

### SEE ATTACHMENT A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____June 24, 2016_____
                                                                            *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.    ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Duty Magistrate _____.
                *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.

                                        ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   JUNE 10, 2016 4:25pm.    _____
                                                                            *Judge's signature*

City and state:   Miami, Florida _____    Hon. Chris M. McAliley, U.S. Magistrate Judge
                                                                    *Printed name and title*

19

Exhibit C" 2 of 3

## ATTACHMENT A

1.   One (1) ZTE cellular telephone Model: Z970, with Federal Communications Commission Identification Number: SRQ-Z970, H/W: wwdB, (hereinafter "DEVICE 1"):



2.   DEVICE 1 is currently located in an evidence locker at Homeland Security Investigations, 11226 NW 20th Street, Miami, Florida 33172.

## ATTACHMENT B

1.     One (1) Apple iPad Model: A1475, FCC ID: BCGA1475, IC: 579C-A1475, S/N: DMPLL19YFKYC (hereinafter "DEVICE 2"):



2.     DEVICE 2 is currently located in an evidence locker at Homeland Security Investigations, 11226 NW 20th Street, Miami, Florida 33172.



Robert Morgan  #13829-104
Federal Correctional Complex Coleman-Low
P.O. Box 1031
Coleman, Florida 33521

SCREENED
By USMS

Clerk of Courts
207 N.W. Second Street, Room 337
Ocala, Florida 34475-6666

TAMPA FL

APR 20 2022

33630